| UNITED STATES DISTRICT COURT | PRIORITY SEND |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   **CV 11-8209-JFW (Ex)**                                         Date:  November 17, 2011

Title:        Gerald Gilberti, et al.  -v- Wells Fargo & Company, et al.

**PRESENT:**

       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
       None                                                                                              None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

      On October 3, 2011, Plaintiff Gerald Gilberti ("Plaintiff") filed a Complaint in this Court against Defendants Wells Fargo & Company and U.S. Bank National Association, as trustee of Wachovia Capital Trust X (collectively, "Defendants"), alleging that the Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

      Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court.[1]  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").  To allege jurisdiction under CAFA, a federal district court has subject matter jurisdiction over a class action in which: (1) there are 100 or more proposed class members; (2) at least some of the members of the proposed class have a different citizenship from the defendant; and (3) the aggregated claims of the proposed class members exceed the sum or value of $5,000,000.[2]  *See* 28 U.S.C. § 1332(d).

      In his Complaint, Plaintiff alleges that he is a resident of Arizona.  Complaint, ¶ 3.  However,

---

    [1]  Local Rule 8-1 requires that: "The statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction."  L.R. 8-1.  Plaintiff has failed to comply with Local Rule 8-1.

    [2]  While Plaintiff does not specify under which subsection of Section 1332 he is alleging subject matter jurisdiction, it appears from the allegations of the Complaint that he is alleging subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

"the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Therefore, Plaintiff's allegations are insufficient to establish their citizenship.

In addition, Plaintiff's jurisdictional allegations in the Complaint regarding Defendants and the amount in controversy are based on information and belief. This is insufficient. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). As the Supreme Court long ago held, "a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Smith*, 270 U.S. at 459 (1926); *accord, Rilling v. Burlington Northern Railroad Co.*, 909 F.2d 399, 400 (9th Cir. 1990). A complaint alleging diversity of citizenship or the amount in controversy upon "information and belief" is insufficient to confer jurisdiction. *America's Best Inns, Inc.*, 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963).

Finally, Plaintiff has failed to allege that there are at least 100 class members of the proposed class as required for jurisdiction under CAFA. 28 U.S.C. § 1332(d).

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.